# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**

                      **Case No. 4:01cr22-RH**
                      **Case No. 4:05cv144-RH/WCS**

**MICHAEL ANTHONY JAMES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON § 2255 MOTION

    This cause is before the court on Defendant's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Doc. 33.

    Defendant entered a guilty plea and was sentenced to a term of 312 months imprisonment. Judgment was entered on the docket on September 18, 2001. Doc. 31. Defendant did not appeal. His conviction became final on September 28, 2001, when the time for filing a notice of appeal expired. Fed.R.App.P. 4(b)(1) (allowing ten days for filing a notice of appeal).[1]

---

[1] Fed.R.App.P. Rule 26 was amended in 2002 to exclude intermediate weekends and holidays for a period of less than eleven days; at the relevant time it excluded weekends and holidays only when the period was less than seven days.

There is a one year time limit for filing a § 2255 motion, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255.  *See also* § 2255 Rule 3(d) (as amended effective December 1, 2004) ("[t]he time for filing a motion is governed by 28 U.S.C. § 2255, para. 6.").  If the one year commenced from the date the judgment became final, the § 2255 motion is clearly untimely.

The other commencement date arguably applicable here is subparagraph (3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Defendant seeks relief pursuant to United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005) and Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  *See also*, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Booker was pending on direct review, and there is no indication in the opinion that it should apply retroactively.  The Court said "we must apply today's holdings--both

the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added, citations omitted). *See also* In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting that the Supreme Court has not made Booker retroactive on collateral review).

Though Defendant argues in favor of retroactive application,[2] binding precedent in this circuit holds that Booker and Blakely do not apply retroactively on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (finding "essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); *also citing* McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (which held that Apprendi did not apply retroactively on collateral review).

As the motion is untimely, it is recommended that it be summarily dismissed without prejudice, such that a future § 2255 motion will not be considered second or successive.

---

[2] Defendant asserts that the holdings should apply retroactively. Doc. 33, attached memorandum p. 5. He also asserts that, because Booker and Blakely clarified Congressional intent, they are like clarifying amendments to the sentencing guidelines which (unlike substantive amendments) should apply retroactively. *Id.*, pp. 9-11. The cases have applied clarifying amendments retroactively only in the context of a direct appeal and a § 2255 motion. United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003), *citing* Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir.1998), *cert. denied*, 526 U.S. 1145 (1999) (other citation omitted). The court in Burke found, however, "that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice." 152 F.3d at 1332. *See also* Lynn v. United States, 365 F.3d 1225, 1232, 1233 and n. 15 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (collecting cases, including Burke).

Case Nos. 4:01cr22-RH and 4:05cv144-RH/WCS

It is therefore respectfully **RECOMMENDED** that Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. 33) be **SUMMARILY DISMISSED** without prejudice.

**IN CHAMBERS** at Tallahassee, Florida, on May 20, 2005.

        s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**